**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| SUSAN C. NORMAN and § | |
| STEVEN BARRY FRANKOFF, § | |
|     Appellants, § | |
| § | **CIVIL ACTION NO. H-07-1035** |
| v. § | |
| § | Bankruptcy Case No. 06-30414 |
| KENNETH R. HAVIS, Chapter 7 § | Adversary No. 06-3581 |
| Trustee, § | |
|     Appellee. § | |

**MEMORANDUM AND ORDER**

Appellants Susan C. Norman and Steven Barry Frankoff appeal from the United States Bankruptcy Court's February 20, 2007, Memorandum Opinion [Doc. # 43 in Adversary No. 06-3581] and Final Summary Judgment [Doc. # 42 in Adversary No. 06-3581] granting summary judgment in favor of the Chapter 7 Bankruptcy Trustee in an avoidance proceeding under 11 U.S.C. § 549. The Court has carefully and thoroughly considered all matters of record, counsels' oral argument, and the applicable legal authorities. Based on this consideration, the Court concludes that the Bankruptcy Court's decision should be **affirmed** as set forth herein.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this adversary proceeding is set forth fully in the Bankruptcy Court's Memorandum Opinion. Briefly, Frankoff, an attorney, represented

Debtor Equator Corporation ("Equator") in a lawsuit against Merloni. Frankoff's representation of Debtor in the Merloni lawsuit was subject to a contingency fee agreement.

On August 16, 2005, Debtor signed a settlement agreement resolving the lawsuit against Merloni. One of the terms of the settlement agreement was for Merloni to pay Equator $725,000. The first payment, $375,000, was made on August 16, 2005, by check payable jointly to Frankoff and Equator. The check was endorsed and deposited into Frankoff's trust account. Equator and Frankoff agreed that the full payment was to be allocated to pay Equator's obligations. These funds are not the subject of the § 549 avoidance and recovery order.

The second settlement payment, $350,000, was made on January 17, 2006. The settlement payment check was endorsed "for deposit only" by both Equator (through its owner, Atul Vir) and Frankoff, and was deposited into Frankoff's trust account. A dispute arose between Frankoff and Vir regarding Frankoff's fee. The full $350,000 settlement payment was transferred to the trust account of Vir's attorney, Peter Riga.

On February 3, 2006, Frankoff – represented by Appellant Norman – sued both Vir and Equator in connection with Frankoff's claim regarding the attorney's fees from

the Merloni settlement.[1]  Two days later, Equator filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.  Four days after that, Vir confessed to judgment in the amount of $262,500.00.  Riga then disbursed $196,875 to Frankoff and $65,625 to Norman from his trust account containing the $350,000 second payment from the Merloni settlement.

The United States Bankruptcy Trustee filed this adversary proceeding pursuant to 11 U.S.C. § 549 seeking avoidance of post-petition transfers of $196,875 to Appellant Frankoff and $65,625 to Appellant Norman.[2]  The Bankruptcy Court granted the Trustee's Motion for Summary Judgment, holding that the funds were property of the bankruptcy estate and subject to avoidance and recovery.  This appeal followed.

## II.  STANDARD OF REVIEW

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of

---

[1] The lawsuit was filed as "S. Soe Individually" against "John Doe 1 Individually" and "Doe Corp."  It is undisputed that Frankoff is "S. Soe Individually," that Vir is "John Doe 1 Individually," and Equator is "Doe Corp."

[2] At oral argument, Harold Chamberlain, counsel for Norman, agreed that any rights Norman has are derivative of Frankoff's rights, and that they both prevail on this appeal or they both lose it.  Several hours after the hearing ended, a different attorney filed on Norman's behalf an "Emergency Application to Sever Appellants to Prevent Undue Prejudice and to Render Separately" ("Motion to Sever") [Doc. # 32].  In the Motion to Sever, counsel asserts that Norman is being prejudiced by Frankoff's "serial filings" in this case, and that Norman and Frankoff have "inconsistent defenses."  The Motion to Sever is frivolous and is **denied**.

fact under the "clearly erroneous" standard. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). Mixed questions of law and fact are reviewed *de novo*. *In re U.S. Brass Corp.*, 301 F.3d 296, 306 (5th Cir. 2002).

Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002). A bankruptcy court abuses its discretion when it "(1) applies an improper legal standard or follows improper procedures . . ., or (2) rests its decision on findings of fact that are clearly erroneous." *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005).

This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)).

### III.   ANALYSIS

A transfer of property of a bankruptcy estate is subject to avoidance under 11 U.S.C. § 549 if the transfer occurred after the commencement of the bankruptcy proceeding and was not authorized by the Bankruptcy Court or the Bankruptcy Code. *See* 11 U.S.C. § 549; *In re Paxton*, 440 F.3d 233, 236 (5th Cir. 2006). In this case, it is undisputed that Riga transferred the subject funds to Frankoff and Norman post-petition and that the transfers were not authorized by the Bankruptcy Court or the

Bankruptcy Code. Therefore, the only issue in this appeal is whether the transfers involved "property of the estate" as that term is used in § 549.

Appellants argue that the funds were not "property of the estate" because they were owned by Frankoff and not by Debtor. Appellee argues, and the Bankruptcy Court held, that the funds were "property of the estate" because Debtor had an interest in the funds. This Court concludes that Appellee and the Bankruptcy Court are correct.

The Bankruptcy Code defines "property of the estate" broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Interests in property, including an attorney's right to compensation under a contingency fee agreement, are determined in accordance with state law. *See Marre v. United States*, 117 F.3d 297, 307 (5th Cir. 1997).

In this case, the subject funds originated from the settlement of the Merloni lawsuit. Pursuant to Frankoff's contingency fee agreement, Equator purported to grant Frankoff "a lien on any proceeds." The contingency fee agreement provided further that the lien "shall apply and be effective . . . as security for the payment of attorney fees, associated costs, and expenses" as outlined, defined, and contracted for in the

agreement. The agreement does not contain an assignment to Frankoff of Equator's ownership rights in the settlement proceeds.[3]

The settlement funds were paid to Equator and Frankoff jointly. In addition to the rights Equator had to the funds as the Plaintiff in the Merloni lawsuit, Equator had an interest in the funds as payee on the settlement check. Frankoff initially deposited the funds into his attorney/client trust account, and ultimately transferred them to Riga's trust account. Prior to the date Equator filed its bankruptcy petition, there existed a dispute regarding who was entitled to which portion of the funds. Indeed, Norman filed a lawsuit against Equator and its owner, Vir, on behalf of Frankoff regarding entitlement to the challenged funds. There is no evidence in the record that Equator either assigned all ownership rights in the settlement funds to Frankoff or otherwise relinquished all interests in the settlement funds. On the date the petition was filed, Equator still had whatever interest in those funds it had when they were received.

After Equator filed its bankruptcy petition, Vir (who appears to have had no personal entitlement to the settlement proceeds) "confesse[d] to judgment in the amount

---

[3] Appellants rely heavily on Chief Judge Hayden Head's decision in *In re Dykeswill, Ltd.*, 2007 WL 951626 (S.D. Tex. Mar. 28, 2007). The contingency fee agreement in *Dykeswill*, however, is materially different from the agreement in this case. In *Dykeswill*, the client assigned to the attorney all rights in a percentage of the proceeds, whereas in this case the client at best gave the attorney a lien in the proceeds as security for the contingency fee. Consequently, the *Dykeswill* decision is distinguishable and Appellants' argument that the decision governs this case is unpersuasive.

of $262,500.00" and directed Riga to pay Frankoff and Norman from the trust account containing the settlement proceeds from the Merloni litigation.  The payment of the funds to Frankoff and Norman constituted the post-petition transfer of "property of the estate" without authorization and, as a result, the Bankruptcy Court's holding that the transfers are avoidable and recoverable under § 549 was correct.[4]

Appellants, in briefing and during oral argument, raised various issues that are beyond the scope of this appeal.  The Bankruptcy Court's decision was very limited, holding only that the $262,500 post-petition transfers to Norman and Frankoff were avoidable as property of the Debtor Equator's estate and thus recoverable under § 549.  The Bankruptcy Court ruled that Debtor Equator was one of the recipients of the Merloni settlement funds, thus giving Equator an interest in the funds, and that the extent of Equator's interest still needs to be determined.  The Bankruptcy Court's ruling that the funds are property of the estate is not a decision on the merits of Frankoff's (and derivatively Norman's) entitlement to the funds paid to them, or on their right to other settlement monies that Frankoff transferred to Riga's trust account.  The Bankruptcy Court did not decide whether Frankoff had a valid lien on the

---

[4]  The Bankruptcy Court included in the Memorandum Opinion a lengthy discussion regarding whether a client can assign an ownership interest in a cause of action to his attorney.  This discussion is not material to the Court's affirmance of the holding regarding avoidance and recovery under § 549 and is not adopted by this Court.

settlement funds, the priority of any lien Frankoff may have, or whether the trustee is entitled to damages under § 362 of the Bankruptcy Code.

The Court declines Appellants' invitation, citing the United States Bankruptcy Court for the Western District of Louisiana in *In re Saunders*, 155 B.R. 405 (W.D. Tex. 1993), to decide in this appeal all issues that remain before the Bankruptcy Court in the adversary proceeding. Instead, the Court concludes that this case should proceed in the regular manner with the Bankruptcy Court resolving in the first instance these remaining issues.

For the reasons stated herein, the decision below that the $262,500, as property of the estate, is subject to avoidance and recovery under § 549 is affirmed.

## IV.   <u>CONCLUSION AND ORDER</u>

The funds at issue in this appeal were "property of the estate" and, as post-petition transfers made without authorization by the Bankruptcy Court or the Bankruptcy Code, they are recoverable under § 549. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's February 20, 2007, decision and judgment that the funds at issue were post-petition transfers avoidable under § 549 and that Appellants are required to return the $262,500.00 to the Chapter 7 Trustee are **AFFIRMED**. It is further

**ORDERED** that Norman's Motion to Stay Pending Appeal [Doc. # 4] and Motion to Stay Lower Court Proceedings to Prevent Appeal from Being Rendered Moot [Doc. # 19], and Frankoff's Application for Stay Pending Appeal [Doc. # 31] are **DENIED AS MOOT**. It is further

**ORDERED** that Norman's Motion to Withdraw the Order of Reference [Doc. # 5] is **DENIED** without prejudice to being reurged if and when the case becomes ready for trial by jury. It is further

**ORDERED** that Norman's "Emergency Application to Sever Appellants to Prevent Undue Prejudice and to Render Separately" [Doc. # 32] is **DENIED**.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **6th** day of **August, 2007.**

Nancy F. Atlas
United States District Judge