### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| SUSAN C. NORMAN and | § | |
| STEVEN BARRY FRANKOFF, | § | |
|     Appellants, | § | |
| | § | **CIVIL ACTION NO. H-07-1035** |
| v. | § | |
| | § | Bankruptcy Case No. 06-30414 |
| KENNETH R. HAVIS, Chapter 7 | § | Adversary No. 06-3581 |
| Trustee, | § | |
|     Appellee. | § | |

## MEMORANDUM AND ORDER

This bankruptcy appeal is before the Court on Appellant Steven Barry Frankoff's Motion for Rehearing Under Bankruptcy Rule 8015 [Doc. # 46], to which the Bankruptcy Trustee filed an Opposition [Doc. # 47], and Frankoff filed a Reply [Doc. # 48]. Because Frankoff's arguments are either refuted by the record or are restatements of arguments previously made and rejected by this Court, the Motion for Rehearing is **denied**.

Frankoff's first argument is that the Court erred by relying on matters outside the record, specifically the contingency fee agreement in *In re Dykeswill, Ltd.*, 2007 WL 951626 (S.D. Tex. Mar. 28, 2007).[1]   The relevant language of the *Dykeswill*

---

[1]   The comments by the Court during oral argument in this case, discussed by Frankoff in his Reply on page 2, referred to a different group of bankruptcy appeals, *In re Contractor Technology*, and did not involve the *Dykeswill* opinion.

contingency fee agreement was quoted in the *Dykeswill* opinion and, consequently, the Court neither needed to nor actually did consider matters outside the record.

Frankoff's remaining arguments were presented to the Court on the merits of the appeal, were carefully considered by the Court at that time, and were addressed and decided in the Court's Memorandum and Order [Doc. # 34] entered August 6, 2007. Specifically, Frankoff argues that the Court did not acknowledge the transfer of ownership when the countersigned check was returned to Frankoff, that the Court erroneously found that the contingency fee agreement did not contain an assignment, that the Court should have granted summary judgment to Frankoff rather that allow the Bankruptcy Court to continue its proceedings, and that the Bankruptcy Court's turnover order failed to provide adequate protection to Frankoff.  Although the standard for considering a Motion for Rehearing under Bankruptcy Rule 8015 has not been decided by the Fifth Circuit, the Advisory Committee Notes indicate that the rule was adapted from Rule 40(a) of the Federal Rules of Appellate Procedure. *See McVay v. Otero*, __ B.R. __, 2007 WL 1957194, * 14 (W.D. Tex. Apr. 26, 2007).  Under Rule 40(a), it is clear that a Motion for Rehearing is not a means for rearguing matters previously presented. *See id.*  Accordingly, it is hereby

**ORDERED** that Frankoff's Motion for Rehearing Under Bankruptcy Rule 8015 [Doc. # 46] is **DENIED**.

SIGNED at Houston, Texas, this **21st** day of **August, 2007.**

Nancy F. Atlas
United States District Judge